Wash, J.,
delivered the opinion of the Court.
Sloan, the defendant in error, brought his action of trespass for an assault and battery, committed by Hayden on him; laid his damages at five hundred dollars, got a verdict and judgment for $9 16 1-2 cents, and had judgment awarded for his costs; to reverse which judgment for costs, Hayden has come with his writ of error to this Court.
The only point presented for the consideration of this Court is, whether the Circuit Court erred in giving judgment for the costs.
The counsel for the plaintiff in error relies upon the provisions of “ an act establishing Justices’ Courts and regulating the collection of small debts,” passed February 21st, 1825. The first section of that act provides, amongst other things, that actions of trespass wherein the damages demanded shall not exceed fifty dollars, shall be cognizable before a Justice of the Peace. The thirty-fourth section provides that if any person shall hereafter commence a suit in the Circuit Court which is properly cognizable before a Justice of the Peacej although he may recover judgment in such suit, he shall not recover costs,” but shall pay costs ; and it is insisted that it is shown in this case by the finding of the jury, that the cause was properly cognizable before a Justice of the Peace, and that under the thirty-fourth section above cited, the costs should have been adjudged against the plaintiff below, and not against the defendant. The counsel for the defendant in error relies on the eleventh and *232 twelfth sections of “ An act concerning costs,” passed January 26th, 1825, and on the fourth section of “ An act to establish Courts of Justice, and prescribe their powers and duties,” passed January 7th, 1825. The eleventh section of the act above cited, provides that when any action shall be prosecuted in any Court, the subject matter of which is cognizable before such Court, but the amount of debt or damages recovered shall be below the jurisdiction of the Court, the plaintiff shall recover no costs, but may have costs adjudged against him in the discretion of the Court. The twelfth section provides a that in dll actions upon the casé for slanderous words, trespass, assault and battery, if upon the trial of the issue or inquiry of damages, any damages be found for the plaintiff, the plaintiff shall recover his costs.”
The fourth section of the act above cited, gives to the Circuit Court concurrent jurisdiction with Justices of the Peace in actions of tort, &c. The counsel for the defendant in error contends, and very correctly as it seems to this Court, that these statutes having been all passed at the same session of the Legislature, and having relation to the same subject, are to be taken together, and made effectual throughout, provided they are consistent. That in this case the damages demanded gave the Circuit Court jurisdiction, and that the twelfth section of the act concerning costs, above cited, takes this case expressly out of the operation of the eleventh section of that act, and entitles the plaintiff to his costs, although the amount of damages recovered is Within the jurisdiction of a Justice of the Peace. The subject matter of the suit was as properly cognizable before the Circuit Codrt as before a Justice of the Peace. The words properly cognizable, as used in the act organizing Justices’ Courts, are to be considered to be equivalent to exclusively cognizable.
The judgment of the Circuit Court is therefore affirmed with costs.